PONDER, Justice.
 

 The defendant, Asa Salone, was convicted of murder without capital punishment •and sentenced to life imprisonment in the penitentiary. He has appealed from the •conviction and sentence.
 

 Two bills of exception were taken to the ruling of the trial court, during the course •of the trial, permitting the State to bring out on cross-examination from the defendant that he had been arrested on more than one occasion since the commission ■of the alleged offense. One of the bills was taken at the time of the ruling and the other taken to the overruling of a motion for a new trial predicated on the same ground.
 

 Counsel for the defendant contends that the defendant may be cross-examined only concerning arrests prior to the alleged -offense and that permitting the State to bring out on cross-examination the subsequent arrests was prejudicial error.
 

 The pertinent part of Article 495 of the Code of Criminal Procedure reads as follows : “ * * * provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times.”
 

 Counsel takes the position that the numerous cases cited under the article of the Code of Criminal Procedure deal with arrests prior to an alleged offense and that the question here presented has never been directly passed on by this Court.
 

 It is apparent from a mere reading of this provision of the Code of Criminal Procedure that it applies to arrests prior to the time of the cross-examination. It is significant that it is stated in this provision that the person under cross-examination may be compelled to answer whether he has
 
 ever
 
 been arrested and how many times. There is no language in this provision to indicate a restriction of its application solely to arrests prior to the commission of the alleged offense. If the lawmakers had intended otherwise, some language would have been used to indicate such intent.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 O’NIELL, C. J., takes no part.